**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KHALID SAID MOHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 09-1783(EGS) |
| v. | ) |
| | ) |
| JANET NAPOLITANO, | ) |
| Secretary U.S. Department | ) |
| of Homeland Security, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This case arises from the revocation of plaintiff Dr. Khalid Said Mohammad's approved Form I-140 Immigration Petition ("I-140 Petition") by the United States Citizenship and Immigration Services ("USCIS"). Pursuant to Section 10b of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 and 28 U.S.C. § 1331, plaintiff is seeking a determination that the revocation of his approved I-140 Petition was arbitrary and capricious. Pending before the Court is plaintiff's motion for summary judgment and defendants' motion to dismiss, or in the alternative, for summary judgment. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the parties' arguments at the December 16, 2009 motions hearing, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the Court **GRANTS** defendants' motion to dismiss for lack of subject matter

jurisdiction and **DENIES AS MOOT** plaintiff's motion for summary judgment.

I. BACKGROUND

Plaintiff is a native and citizen of Egypt, who has lived in the United States since November 1992. Am. Compl. ¶ 19; Pl.'s Statement of Material Facts ("Pl.'s SMF") ¶¶ 1-2. Plaintiff is a medical researcher with a doctorate in Bone Biology and Regeneration; his research focuses primarily on cancer of the bone. Am. Compl. ¶ 19; Pl.'s SMF ¶¶ 1-2. For the last nine years, plaintiff has worked in the Departments of Endocrinology at the University of Texas and the University of Virginia School of Medicine. Am. Compl. ¶¶ 21-22; Pl.'s SMF ¶¶ 3-4. Plaintiff recently began medical research activities at the Indiana University School of Medicine, Division of Endocrinology and Metabolism. Am. Compl. ¶ 19; Pl.'s SMF ¶ 1.[1]

---

[1] A letter from the Indiana University School of Medicine explains that "Dr. Khalid Mohammad was recruited by Indiana University School of Medicine together with other prominent researchers to start a bone cancer metastasis research group." *See* Ex. Letter attached to Pl.'s Mot. The letter indicates that Dr. Mohammad is responsible for directing the animal research experiments for the research group. The letter also discusses the University's significant concerns regarding the revocation of plaintiff's I-140 petition; the University states that "[i]f we cannot continue to employ Dr. Mohammad, the Indiana University School of Medicine will suffer a massive loss of personnel as well as scientific thinking, which will likely collapse our program since 70% of the research is based on animal experiments which Dr. Mohammad was hired to conduct. The potential loss to the University in monetary terms could reach millions of dollars, as the State of Indiana has invested in our program to promote bone metastasis research." Unfortunately, plaintiff did not

On April 6, 2009, in anticipation of his employment with Indiana University School of Medicine, plaintiff filed an I-140 Petition under the EB-2 "Exceptional Ability" category, with request for a National Interest Waiver of the labor certification requirement, pursuant to INA § 203(b)(2)(B) and 8 C.F.R. § 204.5(k).  Pl.'s SMF ¶ 10.  Plaintiff's I-140 Petition was approved by the USCIS on April 17, 2009.  Am. Compl. ¶ 28; Pl.'s SMF ¶ 10; *see also* Pl.'s Ex. 2.

Shortly thereafter, however, on May 11, 2009, USCIS issued a Notice of Intent to Revoke informing plaintiff that "[a]fter a second review of [the] petition it appears that the beneficiary does not meet the requirement of an alien applying for a National Interest Waiver."  Am. Compl. ¶ 29; Pl.'s SMF ¶ 11 (quoting Pl.'s Ex. 3).[2]  The Notice of Intent to Revoke explained, among other things, that the agency intended to revoke plaintiff's approved

---

submit this important piece of evidence with the I-140 petition that is the subject of this litigation.  The Court has been informed, however, that the University's letter was included in plaintiff's most recent I-140 petition, which is still pending.  *See infra* n.3.

[2]   To be eligible for a National Interest Waiver, the petitioner must provide evidence that "persuasively demonstrates" that: (i) the alien's work is of "substantial intrinsic merit; (ii) the benefit to be imparted by the alien's work "will be national in scope"; and (iii) the alien possesses "demonstrable prior achievements proving that he/she will serve the national interest to a substantially greater degree than would an available United States worker having the same minimum qualifications." *See* Pl.'s Ex. 5 (discussing the three-part test).

3

I-140 Petition because it found "insufficient evidence to demonstrate that the proposed employment of the alien would specifically benefit the national interest of the United States to substantially greater degree than a similarly qualified U.S. worker."  Pl.'s Ex. 3; *see also* Pl.'s Ex. 3 ("The petitioner has not shown that the waiver of the required job offer and labor certification would be in the national interest.").  In response, plaintiff's counsel submitted a rebuttal letter as well as an additional expert letter in support of plaintiff's petition.  Am. Compl. ¶ 29; Pl.'s SMF ¶ 12; *see also* Pl.'s Ex. 4.  Despite these additional submissions, on August 7, 2009, the USCIS issued a Notice of Revocation of Immigrant Petition ("Notice of Revocation") to plaintiff.  Am. Compl. ¶ 31; Pl.'s SMF ¶ 13.

The Notice of Revocation informed plaintiff that his I-140 Petition had been revoked because he failed to carry his "required burden of proof" in establishing his eligibility for a National Interest Waiver.  *See* Def.'s Ex. 5.  Specifically, the Notice of Revocation explained that:

> [T]he [Notice of Intent to Revoke] response failed to establish the alien [National Interest Waiver] petitioner's work has been so widely cited by other experts in the field of cancer research on a national scale, and did not established [sic] that his work significantly impacted others in the field of cancer research.  The evidence provided does not establish that the alien [National Interest Waiver] petitioner's past record justifies projections of future benefit to the national interest to outweigh the protection given to United States workers by the labor certificate process.

Def.'s Ex. 5.  The Notice also advised plaintiff of his right to appeal the decision to the Administrative Appeals Office of the USCIS within fifteen days.  *See* Def.'s Ex. 5.

Plaintiff initially filed, and then withdrew, an administrative appeal.[3]  On September 21, 2009, Dr. Mohammad filed an action in this Court seeking a preliminary injunction.  At a status conference held on September 24, 2009, plaintiff agreed to consolidate his motion for preliminary injunction with a determination on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2).  *See* Minute Order dated September 24, 2009; *see also* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.").  Plaintiff subsequently filed a motion for summary judgment and defendants filed a motion to dismiss or, in the alternative, for summary judgment.  These motions are now ripe for determination by the Court.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether the court has subject matter jurisdiction over the action.  *Zaigang Liu v. Novak*, 509 F. Supp.

---

[3]  In addition, prior to filing this action, plaintiff filed an I-140 Petition under the EB-1 "Extraordinary Ability" category.  The Court was advised at the December 16, 2009 motions hearing that the petition was still pending, and should be decided shortly.

2d 1, 3 (D.D.C. 2007). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000). Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). To determine whether it has jurisdiction, the court may consider materials outside the pleadings. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face" and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a 12(b)(6) motion, the Court must construe the complaint "'liberally in the plaintiff's favor,' 'accept[ing] as true all of the factual allegations'"

6

alleged in the complaint. *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (alteration in original) (quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008)). Plaintiffs are entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F. 3d 989, 991 (D.C. Cir. 2002). A fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Steele v. Schafer*, 535 F. 3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Facts are material if they "'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact. *Celotex*, 477 U.S. at 322. In determining whether a genuine issue of material facts exists, the Court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986); *Keyes v. District of Columbia*,

372 F. 3d 434, 436 (D.C. Cir. 2004).  "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); *see also Celotex*, 477 U.S. at 324.

### III. ANALYSIS

Defendants argue that Congress stripped this Court of jurisdiction to hear plaintiff's action.  Specifically, defendants point to 8 U.S.C. § 1252(a)(2)(B), which states, in relevant part, that "no court shall have jurisdiction to review - . . . (ii) any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."  Accordingly, § 1252(a)(2)(B)(ii) prevents this Court from reviewing discretionary decisions made by the Attorney General or the Secretary of Homeland Security ("Attorney General" or "Secretary").  The threshold issue this Court must resolve, therefore, is whether the Secretary of Homeland Security's decision to revoke an immigration petition is discretionary, thereby depriving this Court of jurisdiction to review the decision.

The statutory provision governing the revocation of immigration petitions is 8 U.S.C. § 1155.  Section 1155 states: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [section 1154]."

Although the D.C. Circuit has not yet decided whether § 1155 is a discretion-vesting statute that deprives this Court of subject matter jurisdiction, six other circuits have addressed the issue and split.  Specifically, the Third, Fifth, Seventh, Eighth and Eleventh Circuits have held that courts lack jurisdiction to review the revocation of immigration petitions, while the Ninth Circuit has held that jurisdiction exists. *Compare Sands v. U.S. Dep't of Homeland Security*, 308 Fed. Appx. 418 (11th Cir. 2009); *Abdelwahab v. Frazier*, 578 F.3d 817 (8th Cir. 2009); *Ghanem v. Upchurch*, 481 F.3d 222 (5th Cir. 2007); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196 (3d Cir. 2006); *El-Khader v. Monica*, 366 F.3d 562 (7th Cir. 2004), *with Herrera v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881 (9th Cir. 2009); *Love Korean Church v. Chertoff*, 549 F.3d 749 (9th Cir. 2008); *Ana Int'l, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004).  The only district court in this Circuit to address the issue concluded that subject matter jurisdiction was lacking.  *See Systronics Corp. v. Immigration and Naturalization Serv.*, 153 F. Supp. 2d 7, 12 (D.D.C. 2001) (Lamberth, J.).

Those courts that have concluded that the revocation of an immigration petition is a discretionary decision – and thus beyond the jurisdiction of federal courts – have focused on the plain language of § 1155.  Specifically, these courts have determined that Congress's use of the terms "may,"[4] "at any time,"[5] and "for what [the Secretary of Homeland Security] deems"[6] infers discretion.  *See, e.g.*, *Abdelwahab*, 578 F.3d at 821 ("[f]ocusing on the plain language of § 1155" and concluding that § 1155 revocations are specified by statute to be in the discretion of the Secretary within the meaning of § 1252(a)(2)(B)(ii)); *El-Khader*, 366 F.3d at 567 ("[I]n our opinion, the discretionary nature of the decision is apparent from the plain language of the statute."); *see also Systronics*

---

[4] *See, e.g.*, *Jilin Pharm.*, 447 F.3d at 203 (explaining that "may" is language that is "indicative of administrative discretion for purposes of § 1252(a)(2)(B)(ii); *El-Khader*, 366 F.3d at 567 (discussing Congress's use of "the permissive 'may'"); *see also Zhu v. Gonzales*, 411 F.3d 292, 296 (D.C. Cir. 2005) ("[T]he 'usual presumption' is that ''may' confers discretion.'" (quoting *Int'l Union, United Auto v. Dole*, 919 F.2d 753, 756 (D.C. Cir. 1990))).

[5] *See, e.g.*, *Jilin Pharm.*, 447 F.3d at 203 (explaining that the discretion to revoke "at any time" had once been restricted by a "now-defunct notice requirement," and concluding that "Congress's elimination of this requirement strongly indicates an intent to strengthen the discretion of the Secretary of Homeland Security to revoke approval of petitions").

[6] *See, e.g.*, *Ghanem*, 481 F.3d at 224 ("The word 'deem' has been defined as follows: 'to sit in judgment upon.'  We interpret the phrase 'for what he deems' as vesting complete discretion in the Secretary to determine what constitutes good and sufficient cause." (quoting Webster's New Int'l Dictionary 589 (3d ed. 1981))).

*Corp.*, 153 F. Supp. 2d at 12 ("The language is clear and unambiguous; the Attorney General has discretion to revoke a petition at any time.").

Plaintiff argues, however, that Congress's use of this discretion-conveying language is insufficient to strip the Court of jurisdiction because "[t]he statutory provision authorizing revocation of an approved petition nowhere specifies that the agency's decision to revoke is 'in the discretion' of the Secretary of Homeland Security." Pl.'s Br. at 16.[7] Yet, such a literal reading is not countenanced in this Circuit. The D.C. Circuit has explained that "a decision may be 'specified . . . to

---

[7] In addition, citing *Liu v. Novak*, 509 F. Supp. 2d 1 (D.D.C. 2007), plaintiff asks this Court to "reaffirm its recent conclusion that § [1252](a)(2)(B)(ii) bars review *only* of determinations that the INA specifies as being discretionary." Pl.'s Br. at 16-17. Plaintiff appears, however, to have misread the Court's decision in *Liu*. In *Liu*, the plaintiff was challenging the failure of the USCIS to adjudicate his immigration petition. 509 F.2d at 2. The Court held that § 1252(a)(2)(B)(ii) did not strip the Court of jurisdiction to hear the action because the plaintiff challenged only USCIS's failure to render a decision - not the decision itself. *See id.* at 6 ("[Section [1252](a)(2)(B)(ii)] only applies to jurisdiction to review a 'decision or action' of the Department of Homeland Security. In this case, plaintiff is challenging the absence of a decision or action . . . . Review over the lack of action is not barred."). Indeed, the Court recognized that it lacked jurisdiction to review an adjustment decision by the USCIS because "it is clear that the decision to grant or deny an adjustment application is 'wholly discretionary,' and therefore barred from judicial review". *Id.* at 5 (internal citation omitted). In this case, unlike *Liu*, plaintiff is challenging a final revocation decision that is specified to be within the discretion of the Secretary under § 1155. Liu, therefore, is inapposite.

be in the discretion of the Attorney General' even if the grant of authority to make that decision does not use the word 'discretion.'" *Zhu*, 411 F.3d at 294-95 (affirming the district court's determination that it lacked subject matter jurisdiction to review decisions by the USCIS regarding the denial of National Interest Waivers).  While it would undoubtedly simplify matters if Congress used the word "discretion" each time that it intended to specify that a decision or action was in the discretion of the Attorney General, there simply is no such requirement.  *See id.* at 295 ("[W]e think it unlikely the Congress intended that, regardless of context, no grant of authority to the Attorney General be deemed discretionary unless it uses the word 'discretion.'"); *see also Ana Int'l*, 393 F.3d at 898 (Tallman, J., dissenting) ("Congress does not use the same formulaic language each time it grants discretion to the Attorney General. . . . [W]e should not require our lawmakers to recite the words 'sole and unreviewable discretion' as some sort of talismanic incantation before we can conclude that a statute means what it says.").  Instead, to discern Congress's intent, this Court must interpret the language of § 1155 in a manner that "give[s] effect . . . to every clause and word of [the] statute." *Zhu*, 411 F.3d at 295 (internal quotation marks omitted).

Having closely reviewed the plain language of § 1155, the Court concludes that by using the terms "may," "at any time," and

"deems," Congress specified that the authority to make revocation decisions was within the discretion of defendants, and therefore outside the scope of this Court's review.  *See* 8 U.S.C. § 1252(a)(2)(B).

The Court is aware that the Ninth Circuit has concluded that the "good and sufficient cause" language in § 1155 "constitutes a legal standard the meaning of which [courts] retain jurisdiction to clarify."  *See Ana Int'l Inc.*, 393 F.3d at 893-94 (explaining that Ninth Circuit precedent "makes it clear that the authority of the Attorney General to revoke visa petitions is bounded by objective criteria" because "'good and sufficient cause' refers to a meaningful standard that the Attorney General may 'deem' applicable or inapplicable in a particular case, which he does not manufacture anew in every new instance").  This Court, however, simply cannot agree.  Indeed, the Court finds the dissenting opinion in *Ana International* much more persuasive:

> The statute does not say that the Attorney General may revoke a previously granted visa petition for "good and sufficient cause."  If it did, I might be inclined to agree with the court's reading. [Instead], the court fails to consider and give effect to the words directly adjacent to that phrase, which provide that the Attorney General "may" revoke a visa petition "at any time" for "*what he deems to be* good and sufficient cause[.]"  I simply cannot agree that this language limits the Attorney General's discretion and gives judges the right to substitute their own notions of what evidence is "good and sufficient" to permit the Attorney General to act as he thinks best.  Instead, § 1155 provides that the Attorney General gets to

>     decide whether and when to act for whatever reasons
>     he alone believes are good and sufficient.

*Id.* at 898 (Tallman, J., dissenting); *see, e.g.*, *Ghanem*, 481 F.3d at 224 (concluding that the plain language of the statute "vest[s] complete discretion in the Secretary," and noting that "[t]o suggest otherwise and create a judicial standard or 'clarification' for good and sufficient cause would replace the Secretary's judgment with judicial oversight clearly not contemplated by the statute"); *Systronics Corp.*, 153 F. Supp. 2d at 10 ("The determination of 'good and sufficient cause' is committed to the discretion of the Attorney General because it lacks precise factual standards for this Court to review. Therefore, this Court lacks subject matter jurisdiction to decide the merits of this case . . . .").[8]

---

8   *See also Jilin Pharm.*, 447 F.3d at 204-05 ("'[F]or what [the Secretary] deems to be good and sufficient cause' is arguably so subjective as to provide no meaningful legal standard. . . . [T]his provision, taken literally, would require courts to test whether the Secretary genuinely deemed the proffered cause to be 'good and sufficient.' It is absurd to think that Congress intended the courts to conduct such an invasive inquiry into the Secretary's subjective thought process at the time of revocation. Where there is no meaningful standard for review of an administrative decision within a statute's text, the decision is not subject to judicial review." (internal citations omitted)); *El-Khader*, 366 F.3d at 567 ("[T]he determination of whether there exists 'good and sufficient cause' to revoke a petition approved under § 1154 (including visa petitions) necessarily is highly subjective, and there exist no strict standards for making this determination.").

**IV.   CONCLUSION**

In sum, following the lead of the Third, Fifth, Seventh, Eighth and Eleventh Circuits, this Court concludes that § 1252(a)(2)(B)(ii) strips the Court of jurisdiction to entertain plaintiff's complaint.  While this Court is sympathetic to plaintiff's position, and indeed, finds plaintiff's evidence quite persuasive, the Court is without authority to review defendants' decision to revoke plaintiff's I-140 petition.  Accordingly, defendant's motion to dismiss is **GRANTED** and plaintiff's motion for summary judgment is **DENIED AS MOOT**.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:**     **Emmet G. Sullivan**
**United States District Court Judge**
**December 18, 2009**